IRVING NEWMAN, Appellant, *v.* RHEA TONELSON and BETTY TONELSON, Respondents.

Supreme Court, Appellate Term, First Department, May 8, 1924.

Bills and notes — action by payee of notes against makers — assignment by plaintiff to defendant of option for lease was good consideration for notes though not enforcible by plaintiff against defendant's assignor — error to direct verdict for defendants.

In an action by the payee of promissory notes against the makers thereof it was error to direct a verdict for the defendants upon the ground that the notes were given without consideration where it appears that the plaintiff had assigned to the defendants an option for a lease, for said option constituted a good consideration for the notes even through it was not enforcible by plaintiff against defendant's assignor, for the testimony given on behalf of the plaintiff is that the lessor regarded the paper it had delivered to plaintiff as a valid option and refused to make the lease to defendants unless it was purchased by them.

WAGNER, J., dissents.

APPEAL by plaintiff from a judgment of the City Court of the city of New York rendered in favor of defendants by direction of the court, and from an order denying plaintiff's motion to set aside the verdict and for a new trial.

*Engel Brothers (Herman Hoffman, of counsel), for the appellant.*

*Goldsmith & Fraenkel (Walter M. Goldsmith, of counsel), for the respondents.*

*Per Curiam.* It is conceded that the three promissory notes for $300 each, upon which this action was based, were executed and delivered by defendants to plaintiff. Defendants attempted to excuse their failure to pay the notes upon the ground that no valuable consideration had been received for them. Plaintiff claims that as consideration for the making of the notes, he agreed to assign to defendants an option upon a lease of one-half of a store at 835 Eighth avenue. These premises were leased by the National Shoe and Leather Company of America, Inc., as tenant, from the Tivoli Construction Company, as landlord. On March 3, 1922, the tenant delivered to plaintiff an option wherein for a consideration therein expressed the tenant consented to lease the northerly half of the store in question to plaintiff. Thereafter as the result of negotiations had by defendants with the tenant, a sublease of the premises to defendants was executed by the tenant which sublease was consented to by the landlord. Before this sublease was executed by defendants the option given by the tenant to plaintiff which was in writing was assigned by plaintiff to defendants.

Plaintiff claims the option and its assignment were delivered to defendants whereupon the notes in suit were delivered to plaintiff's attorneys. A verdict for defendants was directed apparently upon the theory that the option was unenforcible in law and that, therefore, the notes were given without consideration, and if it was enforcible it was at the most enforcible for one day as all the terms of the lease were not set forth in the option. That the so-called option was not enforcible by Newman against defendants' lessor is under the pleadings no defense to the claim of plaintiff Newman on the notes in suit, because the testimony given on behalf of the plaintiff is that the lessor regarded the paper it had delivered to Newman as a valid option and refused to make the . lease to defendants unless it was purchased by them from Newman. It is not claimed that plaintiff perpetrated any fraud upon defendants. He assigned to them whatever rights he had under the option, which together with a sublease of the premises was delivered to defendants.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.

GUY and WASSERVOGEL, JJ., concur; WAGNER, J., dissents.

Judgment reversed.